

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

March 1, 2024

**Via U.S. Mail & Email**
Bruce Blakeman
Nassau County Executive
Office of the Nassau County Executive
1550 Franklin Ave.
Mineola, NY 11501

### Re: CEASE AND DESIST NOTIFICATION

Dear County Executive Blakeman:

    The New York State Office of the Attorney General ("OAG") has reviewed Executive Order No. 2-2024 (the "Order"), titled "An Executive Order for Fairness for Women and Girls in Sports," which you signed into law on February 22, 2024. For the reasons set forth below, OAG finds the Order to be in clear violation of New York State anti-discrimination laws and demands that it be immediately rescinded.

    The Order creates three requirements that effectively prohibit transgender women and girls,[1] as well as teams that include or welcome them, from participating in women and girls' sporting events at Nassau County ("County") facilities. Specifically, the Order requires a league, team, or other sports entity seeking use of a County facility to "expressly designate" itself as "male," "female," or "coed," "based on [participants'] biological sex at birth." The Order further prohibits the Nassau County Department of Parks, Recreation & Museums from issuing any permit for a sporting event or competition by an entity designated for "females, women, or girls" that allows "biological males" to participate, but such permits may be issued where a league, team, or other sports entity for "males, men, or boys" permits participation by "biological females."[2] The Order defines gender as "the individual's biological sex at birth" and limits consideration of a birth

---

[1] The term "transgender" as used herein describes individuals whose gender identity differs from the sex they were assigned at birth and is inclusive of non-binary and other gender-queer identities. Some New Yorkers have intersex traits that the Order does not address at all, because their sex characteristics (chromosomes, hormones, gonads, genitalia, etc.) do not conform with a binary construction of sex as either male or female.
[2] We include here terminology used in the Order itself but note that these terms are neither accurate nor medically accepted, and imposition of these terms can itself be discriminatory.

certificate's identification of a participant's sex to birth certificates that were "filed at or near the time" of the participant's birth.[3]

Facilities covered under the County's Order include places of public accommodation, ranging from general playing fields in parks to baseball, football, and soccer fields, basketball and tennis courts, indoor and outdoor swimming pools, as well as ice rinks and shooting ranges.[4] The County acknowledges that the Order would apply to approximately 100 venues.[5] The Order appears to apply to any sporting event without limitation.

The Order's immediate effect is to force sports leagues to make an impossible choice: discriminate against transgender women and girls, in violation of New York law, or find somewhere else to play.[6] Not only will the Order impact a wide array of Nassau-based teams and leagues, it will undoubtedly deter inclusive teams and transgender women and girls who participate in women and girls' sports from other parts of the State who want to participate in sporting events and competitions in Nassau County. And by requiring teams and leagues to exclude transgender women and girls as a condition of using covered facilities, it invites invasive policing of the sex and gender identity and expression of *all* girls and women. Pernicious discrimination such as this is precisely what New York's Human and Civil Rights Laws proscribe.

Under the New York State Human Rights Law, it is illegal for places of public accommodation, including those owned or operated by a local government entity, to discriminate on the bases of "sex" and "gender identity or expression." N.Y. Exec. Law §§ 292(9), 296(2). The law also prohibits "compel[ling]" others to discriminate in ways that will violate the Human Rights Law. *See id.* § 296(6).[7] Similarly, under the New York Civil Rights Law, "no person shall be subjected to any discrimination in [their] civil rights" based on "sex … [or] gender expression or

---

[3] This restriction would seemingly require an official to ignore legal gender marker corrections on a participant's birth certificate made pursuant to state law. Further, the Order does not contemplate the existence of, and accordingly requires exclusion of, individuals who fall outside of the gender binary, effectively denying intersex and non-binary people any inclusive way to participate in sports consistent with their gender identity. This directly conflicts with state law that explicitly recognizes the non-binary gender marker X on its birth certificates, driver licenses and state identification cards, and authorizes New York State judges to order the gender of individual petitioners, including minors, to have a non-binary X gender marker on their state records and identity documents, including birth certificates. *See* N.Y. Civ. Rts. Law §§ 67, 67-A, 67-B; N.Y. Vehicle and Traffic Law §§ 490, 502; N.Y. Public Health Law §§ 4132, 4138(f).

[4] For example, the Nassau County Aquatic Center in Eisenhower Park, the Mitchel Athletic Complex, the Nassau County Rifle & Pistol Range, and the Twin Rinks Ice Skate Facility. *See Recreation*, Nassau County New York, https://www.nassaucountyny.gov/2640/Recreation (last visited Feb. 29, 2024).

[5] *See* ABC7NY, *Nassau County Executive Press Conference*, YouTube (Feb. 22, 2024, at 30:28) https://www.youtube.com/watch?v=vo7lNqiM1X4&t=3s. The County's website indicates that it manages "more than 70 parks, preserves, museums, historic properties, and athletic facilities comprising 6,000 acres throughout the county." *See About Parks*, Nassau County New York, https://www.nassaucountyny.gov/1768/About-Parks (last visited Feb. 29, 2024).

[6] There are a multitude of local and visiting sports teams that will attend matches held at these facilities. The Mitchel Athletic Complex, for example, "hosts a variety of local high school and collegiate athletic events, as well as local sports leagues." *See Mitchel Athletic Complex*, Nassau County New York, https://www.nassaucountyny.gov/2642/Mitchel-Athletic-Complex (last visited Feb. 29, 2024).

[7] Regulations of the New York State Division of Human Rights further clarify that prohibited discrimination includes discrimination based on a "known relationship or association with" members of a protected class. *See* 9 NYCRR § 466.14(c)(1).

identity." N.Y. Civ. Rts. Law § 40-c. Sex-based discrimination is further prohibited under the Equal Protection Clause of the New York State Constitution. These prohibited types of discrimination are exactly what the Order imposes on transgender women and girls participating in women and girls' teams in the County, as well as teams, leagues, and other sports entities and organizations that welcome the participation of transgender women and girls, but which will have to discriminate against them to comply with the Order's terms.[8]

The Order facially discriminates based on sex in access to these facilities through its permitting scheme. A team, league, or other sports entity designated for men or boys may receive a permit regardless of whether any participants were assigned female at birth, whereas a team, league, or other sports entity designated for women or girls may not receive a permit if any participant was assigned male at birth.[9] This requirement will impose increased scrutiny of members of teams designated for women or girls and may result in subjecting them to intrusive and inappropriate inquiries or verification requirements that will harm cisgender and transgender women and girls alike. Additionally, the Order plainly discriminates against transgender women and girls based on gender identity or expression. The Order denies transgender women and girls the ability to participate in women and girls' sporting events at County facilities because their gender identity and/or expression does not align with the sex they were assigned at birth.[10] The Order permits cisgender women to participate in all three Order-designated leagues— "males," "females," and "coed." Transgender women and girls, by contrast, may not participate in leagues designated for "females." This discrimination openly violates state laws mandating equal access regardless of gender identity or expression.

The OAG vindicates the rights of all New Yorkers, including transgender New Yorkers, to be free from discrimination. No New Yorker should feel unwelcome to participate in any event hosted on public property or in public facilities, including sporting events, based on a protected characteristic. The Order contravenes this State's anti-discrimination laws and related goals of inclusivity and welcomeness to all, and it must be immediately rescinded.

Within **five (5) business days** of the date of this letter, please contact the undersigned confirming that you have so complied and rescinded this unlawful Order. OAG further demands that you immediately produce any and all documents constituting the record supporting your decision to issue the Order. Failure to comply with this directive may result in further legal action by the OAG.

---

[8] Many teams, leagues, and other entities subject to the Order's requirements have separate obligations to refrain from discrimination, either under the Human Rights Law or other local laws, or as educational entities covered by Title IX of the Education Amendments of 1972.

[9] *See United States v. Virginia*, 518 U.S. 515, 555 (1996); *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 659–60 (2020) (concluding that discrimination based on gender identity constitutes sex discrimination).

[10] *See* New York State Division of Human Rights, *Guidance on Protections from Gender Identity Discrimination*, 9 (Jan. 20, 2020) (a "place of public accommodation . . . must permit a person to participate in a sex-segregated services or programs consistent with their gender identity or expression."), https://dhr.ny.gov/system/files/documents/2022/04/nysdhr-genda-guidance-2020.pdf.

Sincerely,

Sandra Park
Chief, Civil Rights Bureau
Office of the New York State Attorney General