UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bruce A. Blakeman, *et al.*,<br><br>                      Plaintiffs,<br><br>      -v-<br><br>Letitia James, *et al.*,<br><br>                      Defendants. | 2:24-cv-1655<br>(NJC) (LGD) |

**ORDER**

NUSRAT J. CHOUDHURY, District Judge:

      Plaintiffs Bruce A. Blakeman and Nassau County (together "County Plaintiffs") and Marc and Jeanine Mullen (together "Individual Plaintiffs") filed a Complaint for declaratory and injunctive relief against the State of New York, the State of New York Office of the Attorney General ("OAG"), and Letitia James, in her capacity as the Attorney General of the State of New York (collectively, "Defendants"). (Compl. ¶¶ 33–35, ECF No. 1.) The Complaint brings a single claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. (*Id.* ¶¶ 33–35.) Plaintiffs' claim concerns a cease-and-desist letter from the OAG to Nassau County asserting that Nassau County Executive Order 2-2024 ("Executive Order") violates the New York Human Rights Law's prohibition against discrimination on the bases of sex and gender identity and expression. (OAG Ltr., ECF No. 10-3 (citing N.Y. Exec. Law §§ 296(2), (6)).) The letter calls for the County Plaintiffs to rescind the Executive Order and produce the documents that supported its issuance, or else face further legal action by the OAG. (OAG Ltr. at 3.) The Complaint alleges that the OAG's action to enforce the New York Human Rights Law as applied to the Executive Order

violates the rights of women and girl athletes in Nassau County to equal protection under the law. (Compl. ¶¶ 35, 38–41.)

Through a series of filings on March 7 and March 11, 2024, the County Plaintiffs filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction ("TRO/PI Motion"). (ECF Nos. 10, 17.) As set forth in the Court's Opinion and Order ruling on the TRO Motion, all parties were afforded an opportunity to be heard on the TRO/PI Motion. (TRO Op. at 9–10, ECF No. 22.)[1] Defendants submitted an opposition arguing, among other things, that none of the Plaintiffs have standing to bring this action. (ECF No. 18.) The County Plaintiffs replied. (ECF No. 21.) The Individual Plaintiffs elected not to submit any briefing or factual material in support of the County Plaintiffs' TRO/PI Motion, although the Court provided them the opportunity to do so. (*See* Min. Entry, Mar. 13, 2024; Elec. Order, Mar. 23, 2024.)

On April 4, 2024, this Court issued an Opinion and Order denying the TRO Motion on the basis that Plaintiffs' claim is nonjusticiable and that the County Plaintiffs failed to demonstrate irreparable harm. (TRO Op. at 14–45.) This Order incorporates by reference the entirety of that Opinion and Order, including the procedural history and this Court's factual findings. Among other things, this Court held that it "lacks jurisdiction over [Plaintiffs'] claim under Article III of the Constitution because none of the Plaintiffs have standing to bring it." (*Id.* at 30; *see also id.* at 14–39.)[2] The Court reserved ruling on the County Plaintiffs' pending PI

---

[1] *See* Min. Entry, Mar. 13, 2024; Elec. Order, Mar. 23, 2024; Elec. Order, Mar. 26, 2024.
[2] The Court also held that Eleventh Amendment sovereign immunity bars Plaintiffs' claim against the State of New York and OAG and any claim for retrospective relief against Letitia James in her official capacity as Attorney General, and that the County Plaintiffs lacked capacity to sue all Defendants under Rule 17(b) of the Federal Rules of Civil Procedure and New York law. (TRO Op. at 44.)

2

Motion (ECF No. 10) and Defendants' pending Motion to Dismiss (ECF No. 20), which the parties were in the process of briefing. (TRO Op. at 45.)

Today, the Court held a status conference to hear the parties' proposals for further proceedings in this case in light of the Court's Opinion and Order denying the TRO Motion. (Min. Entry, Apr. 12, 2024; *see also* Elec. Order, Apr. 4, 2024.) Plaintiffs reported that they intend to amend the Complaint rather than oppose Defendants' Motion to Dismiss and that, in their view, the County Plaintiffs' PI Motion is therefore moot. (Min. Entry, Apr. 12, 2024.) Defendants argued that under the Second Circuit's decision in *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120 (2d Cir. 2024), the case must be dismissed because the Court has already found that it does not have subject matter jurisdiction. The Court took a recess for more than one hour in order to permit the Court and the parties to carefully read and consider *Do No Harm* and its application to this case.

In *Do No Harm*, the Second Circuit held that "when a court determines it lacks subject matter jurisdiction, it cannot consider the merits of the preliminary injunction motion and should dismiss the action in its entirety." *Do No Harm*, 96 F.4th at 120. The Second Circuit held that the district court properly dismissed the case in its entirety where plaintiffs had moved for a preliminary injunction but failed to establish Article III standing by "affidavit or other evidence," finding that "[o]nce the court concluded that [the plaintiffs] lacked standing, dismissal, not further proceedings, was the logical next step . . ." *Id.* at 107–08, 121 (citing Fed. R. Civ. P. 12(h)(3)). It explained:

> Once we understand that the no-standing determination is just that—a determination that the plaintiff lacks standing—the rest isn't complicated. Article III standing is always an antecedent question, such that a court cannot resolve contested questions of law when its jurisdiction is in doubt. Once a federal court determines it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety.

3

*Id*. at 120–21 (quotation marks and citations omitted).

In ruling on the TRO Motion, this Court held that Plaintiffs' submissions fail to establish any Plaintiff's standing to bring the sole equal protection claim pled in the Complaint and that, therefore, this Court lacks subject matter jurisdiction. (TRO Op. at 30.) Applying the clear holding of *Do No Harm*, this Court "must dismiss the complaint in its entirety" and not entertain further proceedings concerning the pending PI Motion and Motion to Dismiss. 96 F.4th at 121; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis supplied).

Like in *Do No Harm*, Plaintiffs here have not made any request for discovery on jurisdictional facts to establish standing and have not requested an evidentiary hearing or other opportunity to present evidence relevant to the existence of jurisdiction. *Do No Harm*, 96 F.4th at 121 (citations omitted). Nor have Plaintiffs identified any factual disputes related to standing. Further, while Plaintiffs argue that the case should proceed so that they may amend the Complaint (Conf., Apr. 12, 2024), permitting amendment is inappropriate because, in the context of a motion for preliminary relief, plaintiffs can only establish standing by affidavit or other evidence. *See Do No Harm*, 96 F.4th 120 (finding that because the filing of the TRO/PI Motion "subjected [the plaintiff] to the heightened burden of demonstrating standing under a summary judgment standard," simply denying the PI motion and permitting the case to move forward at the pleading stage "would amount to *reversing* the case to a *prior* stage") (emphasis supplied).

Accordingly, for the reasons set forth in this Order and in the Opinion and Order denying

4

the TRO Motion (ECF No. 22), this case is dismissed without prejudice.[3] The Clerk of Court shall enter judgment and close this case.

Dated: Central Islip, New York

April 12, 2024

                                                 /s Nusrat J. Choudhury
                                                NUSRAT J. CHOUDHURY
                                                United States District Judge

---

[3] A dismissal for lack of subject matter jurisdiction is a dismissal without prejudice, *see e.g., Do No Harm*, 96 F.4th at 121, leaving Plaintiffs the opportunity to file another action that does not suffer from the standing defects present here.

5